IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
April 4, 2005 Session

## J. STEPHEN AMISON, ET AL. v. JACK D. McCARTY, ET AL.

**Appeal from the Chancery Court for Bradley County**
**No. 01-135      Jerri S. Bryant, Chancellor**

**No. E2004-00955-COA-R3-CV  - FILED APRIL 28, 2005**

J. Stephen Amison and wife, Pamela G. Amison ("the plaintiffs"), purchased a house from Jack D. McCarty and wife, Bertha B. McCarty ("the defendants"). Thereafter, the plaintiffs sued the defendants[1] for damages and, in the alternative, for rescission of the contract of purchase. The plaintiffs alleged that, unbeknownst to them when the contract was signed and when the sale subsequently was closed, the house was infested with termites; that the defendants had prior knowledge of the termite infestation; and that the defendants intentionally or negligently misrepresented the true condition of the house. Following a bench trial, the court decreed rescission, awarded the plaintiffs discretionary costs, and denied the plaintiffs' request for their attorney's fees. Both sides raise issues on appeal. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and D. MICHAEL SWINEY, J., joined.

John C. Cavett, Jr., Chattanooga, Tennessee, for the appellants, Jack D. McCarty and wife, Bertha B. McCarty.

J. Michael Sharp and D. Mitchell Bryant, Cleveland, Tennessee, for the appellees, J. Stephen Amison and wife, Pamela G. Amison.

### MEMORANDUM OPINION

---

[1] The plaintiffs also sued Knox Pest Management, Inc. ("KPM"), based upon that entity's termite letter. The suit as to KPM and the cross-claims between the defendants and KPM were dismissed by the trial court. No issue is raised on appeal as to these dispositions.

The defendants contend on appeal (1) that the trial court erred when it granted rescission since, according to the defendants, the plaintiffs had an adequate remedy at law; (2) that rescission was not appropriate because "[the plaintiffs] clearly chose to pursue their legal remedy"; and (3) that the plaintiffs' proof was not sufficient to warrant rescission. The plaintiffs contend, by way of a separate issue, that the court erred in failing to award them their attorney's fees.

A resolution of all of the issues raised on appeal requires that we engage in a *de novo* review of the *evidence* presented to the trial court. *See* Tenn. R. App. P. 13(d). However, the record before us does not contain a transcript or statement of the evidence. Because of this deficiency, we cannot perform our Rule 13(d) *de novo* review. As we said in **Sherrod v. Wix**, 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992),

> [w]hen a trial court decides a case without a jury, it's [sic] findings of fact are presumed to be correct unless the evidence in the record preponderates against them. Tenn. R. App. P. 13(d). This court cannot review the facts de novo without an appellate record containing the facts, and therefore, we must assume that the record, had it been preserved, would have contained sufficient evidence to support the trial court's factual findings.

(Citations omitted).

The judgment of the trial court is affirmed pursuant to Rule 10 of the Rules of the Court of Appeals.[2] Costs on appeal are taxed to the appellants, Jack D. McCarty and Bertha B. McCarty. This case is remanded for enforcement of the trial court's judgment and for collection of costs assessed below, all pursuant to applicable law.

_____
CHARLES D. SUSANO, JR., JUDGE

---

[2]Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.